IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT MARK STEPHENS,            )
                                 )
        Plaintiff,                )
                                 )
v.                               )    Case No. CIV-10-166-D
                                 )
JUSTIN JONES, *et al.*,          )
                                 )
        Defendants.              )

**REPORT AND RECOMMENDATION CONCERNING THE
PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

The Plaintiff seeks a temporary restraining order, attempting to "protect [his] legal material storage and access [to said legal materials]."[1] The Court should consider the motion as one for a preliminary injunction and deny relief based on mootness.

I.  Temporary Restraining Order

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be granted without notice to the opposing party when it clearly appears "that immediate and irreparable injury, loss, or damage will result to the movant."[2]

---

[1] Motion and/or Application with Affidavit with Brief in Support of Temporary Restraining Order, and Order to Show Cause for a Preliminary Hearing at p. 5 (Feb. 18, 2010); *see* Supplement to Motion for Temporary Restraining Order and Preliminary Injunction, Affidavit and Brief in Support of Order to Show Cause for Preliminary Hearing at p. 7 (Aug. 31, 2010).

[2] Fed. R. Civ. P. 65(b).

The Defendants obtained notice of the Plaintiff's request through the Court's electronic notification process and have responded.[3] Thus, the request for a temporary restraining order is moot.[4] The appropriate inquiry at this stage is whether the Plaintiff has justified a preliminary injunction rather than a temporary restraining order.

II. Preliminary Injunction

In the motion, Mr. Stephens seeks to require Warden Marvin Vaughn and others at the William S. Key Correctional Center to preserve excess legal materials.[5] In a supplemental document, the Plaintiff seeks to prevent Department of Corrections officials "from taking actions that [would] result in irreparable harm to [his] right and ability to litigate actions before the Courts."[6]

The request in the original motion is moot, as Mr. Stephens is no longer at the William S. Key Correctional Center.[7] With his transfer, injunctive relief against Warden Vaughn

---

[3] *See* Defendants' Response to Plaintiff's Motion for Temporary Restraining Order [Doc. 3] and Plaintiff's Supplement to Motion for Temporary Restraining Order [Doc. 62] (Sept. 8, 2010).

[4] *See Robinson v. Carney*, 2007 WL 2156391, Westlaw op. at 1 (W.D. Okla. July 26, 2007) (unpublished op.) ("Once the Defendants obtained notice and an opportunity to respond, the request for a temporary restraining order became moot." (citing *Sampson v. Murray*, 415 U.S. 61, 86 (1974) and *TLX Acquisition Corp. v. Telex Corp.*, 679 F. Supp. 1022, 1028 (W.D. Okla. 1987)).

[5] *See* Motion and/or Application with Affidavit with Brief in Support of Temporary Restraining Order, and Order to Show Cause for a Preliminary Hearing, *passim* (Feb. 18, 2010).

[6] Supplement to Motion for Temporary Restraining Order and Preliminary Injunction, Affidavit and Brief in Support of Order to Show Cause for Preliminary Hearing at p. 1 (Aug. 31, 2010).

[7] *See* Notice of Change of Address (Jan. 19, 2011); *see also infra* p. 4.

would serve little purpose. As a result, the original request for a preliminary injunction is moot and should be denied on this basis.[8]

The request in the supplemental brief should be denied because it would violate the Prison Litigation Reform Act and the Plaintiff has not demonstrated irreparable harm at the present stage.

The Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(2) (2006), authorizes preliminary injunctive relief only if it is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm."[9] In the supplement, the Plaintiff has proposed an injunction throughout the Department of Corrections that would prevent any undefined action that could be characterized as "irreparable harm."[10] This form of relief would not be narrowly drawn or provide the least intrusive means necessary to correct the harm. As a result, the supplemental request for a preliminary injunction would violate the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(2) (2006).

The supplemental request is also unwarranted because Mr. Stephens has not demonstrated irreparable injury in light of his current housing assignment.

---

[8] *See Mehdipour v. Oklahoma Court of Civil Appeals*, 62 Fed. Appx. 203, 206-208 (10th Cir. Mar. 13, 2003) (unpublished op.) (stating that a motion for a preliminary injunction, which would involve return of legal materials, was mooted by the inmate's transfer to another facility).

[9] Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(2) (2006).

[10] *See supra* p. 2.

3

For a preliminary injunction, "'a showing of probable irreparable harm is the single most important prerequisite.'"[11] "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'"[12] Mr. Stephens cannot satisfy this burden in light of his current place of confinement.

In the original motion, Mr. Stephens expressed worry about the ability to access his materials at the William S. Key Correctional Center.[13] In the supplement, Mr. Stephens discussed concerns about the material during his stay at the John Lilley Correctional Center.[14] But, Mr. Stephens is no longer at either of these facilities. Instead, he is at the Joseph Harp Correctional Center,[15] and Mr. Stephens has not suggested any concerns about the ability to utilize his material while at this facility.

For both reasons, the Court should decline to issue the preliminary injunction proposed in the Plaintiff's supplemental brief.

---

[11] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

[12] *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citations omitted).

[13] Motion and/or Application with Affidavit with Brief in Support of Temporary Restraining Order, and Order to Show Cause for a Preliminary Hearing at pp. 2-4 (Feb. 18, 2010).

[14] Supplement to Motion for Temporary Restraining Order and Preliminary Injunction, Affidavit and Brief in Support of Order to Show Cause for Preliminary Hearing at p. 3 (Aug. 31, 2010).

[15] *See* Notice of Change of Address (Jan. 19, 2011).

III.     Notice of the Right to Object

Mr. Stephens has the right to object to this report and recommendation. To object, he must file an objection with the Clerk of this Court by June 20, 2011.[16] The failure to timely object would foreclose appellate review of the suggested ruling.[17]

IV.     Status of the Referral

The referral is not terminated.

Entered this 3rd day of June, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[16]     *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2006).

[17]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").