IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT MARK STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-166-D |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON THE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Mr. Robert Stephens is a state inmate suing under 42 U.S.C. § 1983, and he moves for summary judgment. This motion should be dismissed as moot on some of the claims. For the other claims, the Plaintiff's motion should be denied.

The Summary Judgment Standard

"A claimant is entitled to summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate the right to relief, and every one of the defenses asserted legally are insufficient." 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2734 at 256 (3d ed. 1998) (footnote omitted). Thus, Mr. Stephens bears a "stringent" burden to "establish, as a matter of law, all essential elements of the issue before the [Defendants] can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citation omitted). The Court must deny the plaintiff's summary judgment motion whenever any of the defenses would present "significant fact issues." 10B

Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2734 at 256 (3d ed. 1998) (footnote omitted).

I.     The Plaintiff's Claims Involving Delay of Internet Information, Opening of Legal Mail, Deprivation of Legal Materials, Deficient Medical Care, Misuse of Administrative Procedures, Disclosure of Confidential Matters, Inadequate Diet, and Deprivation of Due Process in the Timing of Participation in the "Thinking for a Change" Program

        In addressing another dispositive motion, the undersigned has recommended dismissal or summary judgment to the Defendants on the Plaintiff's claims involving delay in providing internet information, opening of legal mail, deprivation of legal materials, deficient medical care, misuse of administrative procedures, disclosure of confidential matters, inadequate diet, and deprivation of due process in connection with the timing of his participation in the "Thinking for a Change" program.  Report and Recommendation on the Defendants' Motion to Dismiss and/or Motion for Summary Judgment at pp. 5-23, 30-52 (May 26, 2011).  These recommended rulings would moot the Plaintiff's summary judgment motion on these claims.[1]  Thus, for these claims, the Plaintiff's motion should be dismissed on grounds of mootness.

_____

[1]       *See*, *e.g.*, *Royhouse v. Miller*, 2008 WL 2704611, Westlaw op. at 1, 4 & n.7 (W.D. Okla. June 30, 2008) (unpublished op.) (holding that the defendants' entitlement to summary judgment would moot the plaintiff's dispositive motion).

II.  The Plaintiff's Personal Capacity Claims for Denial of Equal Protection or Retaliation by Justin Jones, Genese McCoy, Donna Laymon, Joe Owens, and Marvin Vaughn in Their Personal Capacities

On the equal protection claim, Mr. Stephens has sued Justin Jones, Donna Laymon, and Joe Owens in their personal capacities.  Civil Rights Complaint-Pursuant to Title 42 § 1983 at p. 20 (Feb. 18, 2010).  On the retaliation claim, the defendants include Marvin Vaughn, Justin Jones, and Genese McCoy in their personal capacities.  *Id.* at p. 19.  The undersigned has recommended dismissal of the equal protection and retaliation claims against Mr. Jones, Ms. Laymon, Mr. Owens, Ms. McCoy, and Mr. Vaughn in their individual capacities.  Report and Recommendation on the Defendants' Motion to Dismiss and/or Motion for Summary Judgment at pp. 55-60 (May 26, 2011).  These suggested rulings would moot the Plaintiff's summary judgment motion on the same claims.  *See supra* p. 2 & note 1.

III.  The Plaintiff's Equal Protection Claim Against Justin Jones in His Official Capacity

The prior report would leave a potential claim for injunctive and declaratory relief against Justin Jones, in his official capacity, for denial of equal protection in requiring immediate participation in the "Thinking for a Change" program.  Report and Recommendation on the Defendants' Motion to Dismiss and/or Motion for Summary Judgment at pp. 53, 62, & 62 n.98 (May 26, 2011).  But the Plaintiff does not present any argument for summary judgment on this claim.  Indeed, Mr. Jones could only incur liability

in his official capacity if the Plaintiff were to show a unconstitutional policy or custom.[2]

And, the Plaintiff does not present evidence of one.  The absence of such evidence would

allow a reasonable fact-finder to reject the Plaintiff's claim against Mr. Jones in his official

capacity.  The permissibility of that finding is fatal to the Plaintiff's argument for summary

judgment on the equal protection claim against Mr. Jones in his official capacity.

III.    The Plaintiff's Retaliation Claim Against Justin Jones in His Official Capacity,
        Genese McCoy in Her Official Capacity, William Monday in His Personal Capacity,
        <u>Mary Stebens in Her Personal Capacity, and John Stewart in His Personal Capacity</u>

        In part, the Plaintiff claims retaliation when he was fired from his job in the law

library.  The defendants on this claim include Justin Jones in his official capacity, Genese

McCoy in her official capacity, William Monday in his personal capacity, Mary Stebens in

her personal capacity, and John Stewart in his personal capacity.  Civil Rights Complaint-

Pursuant to Title 42 § 1983 at p. 19 (Feb. 18, 2010).[3]  The Court should deny the Plaintiff's

summary judgment motion on his retaliation claim against these parties.

        According to Mr. Stephens, the firing was prompted by his complaints about food

substitutions in the kitchen.  The Defendants contend that the firing was precipitated by a

prison psychologist's report about Mr. Stephens' mental condition.  *See infra* pp. 5-6.

---

[2]      *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that an employee of a governmental entity
can only incur liability in his official capacity if "'the entity's policy or custom . . . played a part in
the violation of federal law'" (citation omitted)).

[3]      As noted above, the retaliation claim was also asserted against Mr. Vaughn, Mr. Jones, and
Ms. McCoy in their personal capacities.  *See supra* p. 2.  But for the retaliation claims against these
defendants, the Court should dismiss Mr. Stephens' summary judgment motion on grounds of
mootness.  *See supra* p. 3.

As discussed in a prior report, a reasonable fact-finder could infer satisfaction of the elements of a retaliation claim against:

- William Monday, Mary Stebens, and John Stewart in their personal capacities and

- Justin Jones and Genese McCoy in their official capacities.

Report and Recommendation on the Defendants' Motion to Dismiss and/or Motion for Summary Judgment at pp. 28-30 (May 26, 2011). But a reasonable fact-finder could also conclude that Mr. Stephens has not satisfied his burden of persuasion on the retaliation claim.

The Plaintiff alleged that he had been the subject of "a false, misleading" report concerning a meeting with the prison psychologist. Civil Rights Complaint-Pursuant to Title 42 § 1983 at p. 13 No. 46, p. 14 No. 49 (Feb. 18, 2010). But the evidence could reasonably support a contrary finding.

Mr. Stephens emphasizes the absence of any indication that he had asked to see the prison psychologist. Brief in Support of Plaintiff's Motion for Summary Judgment at p. 5 No. 31 (Sept. 24, 2010). But the prison psychologist never said that he had seen Mr. Stephens at the Plaintiff's request. The psychologist's memorandum to William Monday stated in its entirety:

> Congratulations on the audit. I wanted to make you aware of an issue. I saw offender Stephens yesterday and he appears to be extremely delusional. He states that his milk is being poisoned and that the kitchen is distributing food that is marked not for human consumption. I had previously seen him due to concerns by medical and he presented delusional thoughts then as well. He stated at that time that when he was at Eastern State Hospital, he was placed on suicide watch to keep him quiet and that he saw several people killed there for speaking out about what was going on at the facility.

> Mary and I consulted after my assessment of him yesterday and we are both concerned that he works in the law library. He appears to be unstable. He is often alone in the law library with Jackie which could present a safety issue. In addition, he is assisting others while expressing his delusional thoughts. I am concerned that this may lead to offenders becoming disgruntled based on his delusions. As a result of these concerns, I recommend that he be removed from the law library. Please let me know what you think.

Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exh. 3 (June 23, 2010).

As discussed in the prior report, a fact-finder could reasonably infer pretext from the Plaintiff's sworn statement that the psychologist's report had been "false" and "misleading." Report and Recommendation on the Defendants' Motion to Dismiss and/or Motion for Summary Judgment at p. 28 (May 26, 2011). But the fact-finder could also reasonably infer that Mr. Monday and others had reasonably believed the prison psychologist's report and decided to discharge Mr. Stephens from his job in the law library for reasons unrelated to his food complaints. As a result, the Plaintiff's evidence would not compel a finding of liability on the retaliation claim and he is not entitled to summary judgment on this cause of action on the official capacity claims against Mr. Jones and Ms. McCoy or the personal capacity claims against Mr. Monday, Ms. Stebens, and Mr. Stewart.

### Summary

The Court should dismiss Mr. Stephens' summary judgment motion on the claims involving: (1) delay of internet information, opening of legal mail, deprivation of legal

materials, deficient medical care, inadequate diet, misuse of administrative procedures, disclosure of confidential matters, and deprivation of due process in the timing of his participation in the "Thinking for a Change" program; (2) denial of equal protection by Donna Laymon, Joe Owens, and Justin Jones in their personal capacities; and (3) retaliation by Justin Jones, Marvin Vaughn, and Genese McCoy in their individual capacities. The Plaintiff's argument for summary judgment on these claims would be mooted by the recommended rulings on the Defendants' dispositive motion.

The summary judgment motion should be denied on: (1) the equal protection claim against Mr. Jones in his official capacity; and (2) the retaliation claim against Justin Jones in his official capacity, Genese McCoy in her official capacity, William Monday in his personal capacity, Mary Stebens in her personal capacity, and John Stewart in his personal capacity.

<u>Notice of the Right to Object</u>

The Plaintiff can object to the present report. To object, the party must file an objection with the Clerk of the Western District of Oklahoma by June 27, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested rulings.[4]

---

[4]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Status of the Referral</u>

The present report discharges the referral.

Entered this 9th day of June, 2011.

Robert E. Bacharach
United States Magistrate Judge