IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT MARK STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-166-D |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation Concerning the Plaintiff's Motion for Sanctions [Doc. No. 104] issued by United States Magistrate Judge Robert E. Bacharach on June 3, 2011, pursuant to 28 U.S.C. § 636(b)(1). After conducting a thorough, 17-page analysis of Plaintiff's various complaints regarding the conduct of Defendants' counsel and others, Judge Bacharach recommends that Plaintiff's Motion be denied as procedurally and substantively invalid. After obtaining an extension of time, Plaintiff has filed a timely written objection [Doc. No. 120], to which Defendants have responded [Doc. No. 126]. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[1]

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action for declaratory and injunctive relief and damages under 42 U.S.C. § 1983, asserting

---

[1] Arguably, Plaintiff's Motion for Sanctions is a nondispositive matter governed by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). However, because Plaintiff appears to seek substantive relief and Judge Bacharach treats the Motion as a dispositive matter, the Court does likewise.

numerous claims concerning his confinement by the Oklahoma Department of Corrections ("DOC").  After dispositive motions had been filed and fully briefed, Plaintiff filed his Motion for Sanctions [Doc. No. 84] presenting a litany of complaints of alleged "bad faith" conduct.  He requests a "penalty to deter repetition of the conduct," an award of attorney's fees and expenses, and a default judgment.  *See id*. at 5.[2]

Upon *de novo* review of the Report, Plaintiff's Objection, and the case record, the Court fully concurs in Judge Bacharach's findings and conclusions.  Plaintiff's current arguments make clear that he seeks to obtain substantive relief from various "[s]ystem-wide DOC deficiencies" rather than sanctions available under Fed. R. Civ. P. 11 for violations of that rule.  *See* Objection [Doc. No. 120] at 11.  Because the Court cannot add significantly to Judge Bacharach's careful analysis of the issues raised by Plaintiff's Motion, the Court adopts the Report and Recommendation Concerning Plaintiff's Motion for Sanctions [Doc. No. 104] as though fully set forth herein.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Sanctions [Doc. No. 84] is DENIED.

IT IS SO ORDERED this 30th day of September, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's subsequent request to supplement the Motion was denied, and Plaintiff did not object to the denial.  *See* Order 2/25/11 [Doc. No. 99].