IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT MARK STEPHENS, )
)
Plaintiff, )
)
v. ) Case No. CIV-10-166-D
)
JUSTIN JONES, *et al.*, )
)
Defendants. )

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation on the Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Doc. No. 103] and the Report and Recommendation on the Plaintiff's Motion for Summary Judgment [Doc. No. 108] issued by United States Magistrate Judge Robert E. Bacharach on May 26, 2011, and June 9, 2011, respectively, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In the May 26 Report, which spans 63 pages, Judge Bacharach undertakes a detailed analysis of Plaintiff's action under 42 U.S.C. § 1983 and recommends the disposition of all claims except two: a retaliation claim regarding Plaintiff's removal from his prison job in the law library; and an equal protection claim regarding compulsory participation in a prison program. In the June 9 Report, Judge Bacharach recommends the denial of Plaintiff's dispositive motion, either as moot or lacking merit under Fed. R. Civ. P. 56. Both Plaintiff and Defendants have filed timely objections to the May 26 Report [Doc. Nos. 106 & 118] and responses to each other's objections [Doc. Nos. 121 & 131]; Plaintiff has timely objected to the June 9 Report [Doc. No. 132]. The Court must make a *de novo* determination of portions of the Reports to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, asserts numerous claims under 42 U.S.C. § 1983 concerning his confinement by the Oklahoma Department of Corrections ("DOC"). He seeks declaratory and injunctive relief and damages against twelve individuals and the DOC, through official-capacity claims against the director, Justin Jones, and an administrator, Genese McCloy. All named defendants have filed a single, combined motion for dismissal under Rule 12(b)(6) or summary judgment under Rule 56, asserting various reasons why Plaintiff's § 1983 claims fail as a matter of law. On the date of Defendants' motion, Plaintiff also filed a motion for summary judgment.

After careful analysis of the record and the governing law, Judge Bacharach recommends the following dispositions in the May 26 Report: (1) dismissal of all claims for damages against Defendants Jones and McCoy in their official capacities, which are barred by the Eleventh Amendment; (2) summary judgment on claims regarding an inadequate diet and a breach of confidentiality due to Plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a); (3) summary judgment on a claim alleging inadequate medical care; (4) dismissal of claims alleging denial of access to the courts based on opening legal mail, limiting legal materials, and delaying internet information, but summary judgment based on lack of exhaustion of a claim regarding an oral request for internet information; (5) dismissal of First Amendment and due process claims based on alleged inadequacies in DOC grievance procedures; (6) dismissal of a due process claim based on required participation in DOC's program, "Thinking for a Change"; and (7) dismissal of individual defendants for whom personal participation is not alleged as to the surviving claims. The remaining claims, discussed further below, are a claim of retaliatory removal of Plaintiff from his library job and an equal protection claim regarding Plaintiff's participation in the DOC program.

Similarly, Judge Bacharach concludes in the June 9 Report that Plaintiff has not shown his entitlement to a judgment as a matter of law on these claims.

## Report on Defendants' Motion for Dismissal or Summary Judgment

**A.     Plaintiff's Objection**

In objection to the May 26 Report, Plaintiff first challenges Judge Bacharach's reliance on the Special Report filed by Defendants pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and he criticizes Defendants' attorneys for failing to cite in their summary judgment briefs recent legal authority, *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010). Plaintiff raised in his summary judgment response brief (and in a separate motion for sanctions) allegations that the Special Report was deficient. However, Plaintiff does not identify in his objection any instance in which Judge Bacharach overlooked an alleged deficiency raised by Plaintiff or in which any deficiency caused Judge Bacharach to reach an incorrect finding or conclusion.[1] Judge Bacharach was aware of the *Little* decision and relied on it in analyzing the administrative exhaustion issues presented in this case. *See* May 26 Report [Doc. No. 103] at 9. The court of appeals did not hold in *Little*, as argued by Plaintiff, that "[a]s a matter of law, DOC grievance procedures make the DOC administrative procedure unavailable." *See* Pl.'s Objection [Doc. No. 118] at 5. Rather, the court held that exhaustion should be excused as to a particular grievance filed by an inmate because the DOC administrative review authority improperly rejected the inmate's appeal "and thereby prevented him from completing the grievance process." *See Little*, 607 F.3d at 1249. Plaintiff does not explain how this holding impacts any particular grievance appeal filed in his case.

---

[1] To the extent that Plaintiff raises new matters for the first time in objection to Judge Bacharach's Report, the he Court declines to consider them. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Plaintiff also objects to the following conclusions in the May 26 Report: that Plaintiff's claims regarding a prescribed diet and a breach of confidentiality were not exhausted; that Plaintiff's claim of deliberate indifference to serious medical needs is factually unsupported; and that Plaintiff's claim of denial of access to the courts fails due to a lack of factual allegations to show Plaintiff suffered an actual injury from an alleged lack of internet access and limitations on legal materials. Review of all other issues is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court has carefully reviewed the parties' briefs and the summary judgment record concerning these issues, and fully concurs in the findings and conclusions reached by Judge Bacharach. Because the Court cannot add significantly to Judge Bacharach's analysis, the Court fully adopts the May 26 Report as to these issues.

**B.       Defendants' Objection**

Defendants' objection to the May 26 Report challenges Judge Bacharach's findings and recommendation regarding Plaintiff's retaliation claim. Defendants first contend that Judge Bacharach incorrectly finds a genuine dispute of material fact regarding administrative exhaustion of Plaintiff's grievance regarding the loss of his library job. Defendants contend Judge Bacharach erroneously viewed a grievance submitted by Plaintiff in opposition to summary judgment, and not addressed by Defendants in their argument, as sufficient to create a factual dispute. The Court is not persuaded by this argument. Administrative exhaustion is an affirmative defense on which Defendants bear the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendants' omission of evidence and argument regarding a grievance of Plaintiff's claim, which they now argue was improperly submitted and not

exhausted, prevents a determination that they have established their exhaustion defense as a matter of law.[2]

Defendants also contend that Judge Bacharach incorrectly finds a genuine dispute of material fact regarding an essential element of Plaintiff's retaliation claim, namely, retaliatory motive. The Court respectfully disagrees. Defendants' argument overlooks, or fails to view in the light most favorable to Plaintiff, facts stated in the Complaint that support this claim. Because the Complaint states specific facts based on personal knowledge and is verified by a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, it may be treated like an affidavit for purposes of summary judgment. *See Mosier v. Maynard*, 937 F.2d 1521, 1524 (10th Cir.1991); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Viewing the summary judgment record in the manner required by Rule 56, the Court finds that Plaintiff has come forward with minimally sufficient facts to support his retaliation claim.

Defendants also challenge Judge Bacharach's finding that Plaintiff has adequately alleged an equal protection claim based on compulsory participation in the "Thinking for a Change" program. Judge Bacharach concludes that this claim should survive dismissal because Defendants fail to address it in their brief. In their objection, Defendants note argument in their summary judgment brief allegedly directed at this claim, but the argument to which Defendants refer (that Plaintiff has no constitutional right to accrue earned credits) fails to address an equal protection theory of liability. This theory does not depend on the existence of a constitutionally protected interest but on purposeful discrimination against a class of persons. *See*, *e.g., Poolaw v. City of Anadarko*, 660 F.2d 459, 462 (10th Cir. 1981) (distinguishing due process and equal protection

---

[2] As previously stated, the Court declines to consider new matter raised in objection to Judge Bacharach's Report. *See supra* note 1.

claims in the context of public employment). Notwithstanding Defendants' failure to argue an equal protection analysis in their brief, however, the Court has a duty to dismiss an action brought *in forma pauperis* that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). With regard to Plaintiff's § 1983 action based on a violation of the Equal Protection Clause, the Court finds that the Complaint fails to state a plausible claim for relief and that Plaintiff's equal protection claim should be dismissed.

The sole allegation in the Complaint in support of an equal protection claim is this: "The deliberate indifference of Defendants . . . deprived Plaintiff of his Due Process and Equal Protection Rights, as guaranteed by the Fourteenth Amendment, by requiring Plaintiff to take and complete the DOC program, [Thinking for a Change], before Plaintiff had served 85% of his sentence, thus, depriving Plaintiff of his earned credit opportunity, while other similarly situated DOC prisoners were allowed the opportunity to receive such earned credits . . . ." *See* Compl. [Doc. No. 1], ¶ 76. This allegation refers to a statute, Okla. Stat. tit. 21, § 13.1, that prevents inmates convicted of certain offenses from receiving earned credits until they have served 85% of their term of imprisonment. In Plaintiff's brief, he explains his equal protection theory as follows:

> Some prisoners in this 85% category are allowed the opportunity and reduced sentence benefit of enrolling in prison programs after reaching their 85% date of incarceration. Other DOC prisoner [sic], such as Plaintiff, are excluded for no penological purpose and forced to successfully participate in DOC programs prematurely. Thus, those prisoners such as Plaintiff, not only are forced to forfeit the opportunity to earn time credits from DOC programs, but are also subject to the punishment of misconduct offense[s] for their non-participation or unsuccessful completion of DOC programs.

*See* Pl.'s Resp. Defs.' Objection [Doc. No. 131] at 7-8. In short, Plaintiff alleges the existence of some undefined "sub-class of prisoners" in the 85%-sentence category who are unjustifiably required

to participate in prison programs before they are eligible to receive earned credits for their participation. *See id*. at 8.³

Accepting this current characterization, the Court finds insufficient factual allegations in the Complaint to state an equal protection claim. The conclusory statement that Plaintiff and other similarly situated inmates in the 85% class were treated differently with respect to the requirement of program participation does not suggest an equal protection violation. Plaintiff's allegations provide no hint of any alleged characteristic or classification on which the different treatment was based, or any identifiable group for which equal treatment should be afforded. Plaintiff alleges discriminatory treatment with respect to prison programs, but provides no basis to overcome the presumption of government rationality in its actions. *See Brown v. Zavaras*, 63 F.3d 967, 971-72 (10th Cir. 1995). Where "bare equal protection claims are simply too conclusory to permit a proper legal analysis," the pleading fails "to raise any plausible equal protection claims." *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009); *see also Jenner v. McDaniel*, 123 F. App'x 900, 905 (10th Cir. 2005). Accordingly, the Court finds Plaintiff fails to state a claim that his right to equal protection was violated when he was subject to required participation in a DOC program.

Finally, Defendants contend that Judge Bacharach erred when he failed to recommend dismissal of official-capacity claims against Defendants Jones and McCoy. In light of the findings of this Order, the question presented is whether Plaintiff should be allowed to pursue an official-capacity action regarding his retaliation claim. Judge Bacharach answered this question in the

---

³ The Court thus understands that Plaintiff is not asserting a "class-of-one" equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In any event, the Complaint is insufficient to state such a claim. *See Kansas Penn Gaming, LLC v. Collins*, No. 10-3002, 2011 WL 3849751, *6-8 (10th Cir. Sept. 1, 2011) (to be published) (applying the plausibility pleading standard to a class-of-one claim).

7

affirmative under the exception to Eleventh Amendment immunity recognized in *Ex parte Young*, 209 U.S. 123 (1908), for suits against state officials to enjoin alleged ongoing violations of federal law. Defendants contend, however, that Plaintiff's retaliation claim seeks to remedy an alleged past violation rather than to obtain prospective relief, and that there is no alleged ongoing violation of federal law with respect to this claim. Although this contention presents a close question, the Court finds that Plaintiff's allegations of a widespread, ongoing practice of retaliation for his grievance activities that have injured him "by chilling, hindering, delaying, and/or depriving Plaintiff of opportunity to pursue and present legal claims" may be sufficient to support his prayer for injunctive relief "to stop actions of DOC reprisals and retaliation." *See* Compl. [Doc No. 1], ¶ 71 and Prayer for Relief, ¶ D. Accordingly, the Court finds that Plaintiff's official-capacity claims should not be dismissed.

### Report on Plaintiff's Motion for Summary Judgment

Plaintiff raises an additional objection to the June 9 Report and reiterates arguments made in other record objections and briefs. Plaintiff contends Judge Bacharach did not require Defendants to oppose his motion in the manner required by Rule 56(c) because they did not provide supporting materials with their response brief.[4] Plaintiff also contends Judge Bacharach incorrectly found that Plaintiff's motion presents insufficient facts and evidence to permit a judgment in his favor on the remaining claims. Upon *de novo* consideration of the Report, however, the Court finds that Judge Bacharach's analysis is correct and that Plaintiff has failed to show the absence of a genuine dispute

---

[4] Like Plaintiff's verified complaint, however, the Special Report can be treated like an affidavit for summary judgment purposes. *See Hall*, 935 F.2d at 1111; *see also Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995); *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

of material facts. Accordingly, Judge Bacharach properly concludes that Plaintiff's Rule 56 motion should be denied.

## Conclusion

For these reasons, the Court adopts the Report and Recommendation on the Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Doc. No. 103], except that the Court finds Plaintiff's equal protection claim based on compulsory participation in a prison program fails to state a plausible § 1983 claim and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the Court adopts the Report and Recommendation on the Plaintiff's Motion for Summary Judgment [Doc. No. 108].

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Doc. No. 66] is GRANTED in part and DENIED in part as set forth herein. Defendants are entitled to dismissal or summary judgment on all § 1983 claims asserted in the Complaint except a retaliation claim concerning Plaintiff's removal from a prison job, which remains pending. The case will be set for a status/scheduling conference for the entry of an appropriate case management schedule.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Doc. No. 67] is DENIED.

IT IS SO ORDERED this 30th day of September, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

9